UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILLARD WAYNE BAKER,<br><br>        Plaintiff,<br><br>    v.<br><br>DR. SHAHBAZIAN, et al.,<br><br>        Defendants. | Case No. 1:24-cv-01279-HBK (PC)<br><br>ORDER NOTING VOLUNTARY DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS PURSUANT TO RULE 41 AND RULE 15(a)<br><br>(Doc. No. 11) |

Plaintiff Millard Wayne Baker, a state prisoner, is proceeding pro se and *in forma pauperis* on his Complaint filed under 42 U.S.C. § 1983. (Doc. No. 1). On November 15, 2024, the Court issued a screening order on Plaintiff's Complaint. (Doc. No. 9). As discussed at length in the Court's November 15, 2024 Screening Order, the Complaint states a cognizable Eighth Amendment deliberate medical indifference claim against Defendant Dr. Shahbazian and state law claims against Shahbazian for negligence and intentional infliction of emotional distress, but no other claims. (*Id*. at 1). The Screening Order afforded Plaintiff the opportunity to (1) file an amended complaint; (2) file a notice under Rule 41 and Rule 15(a) that he is willing to proceed only on the claims the court found cognizable in its screening order; or (3) stand on his Complaint subject to the undersigned issuing Findings and Recommendations to dismiss the defendants and claims not cognizable. (*Id*. at 15-16).

On November 21, 2024, Plaintiff filed a First Amended Complaint, which appears to be

1 nearly identical to Plaintiff's initial Complaint but contains different exhibits than the initial
2 Complaint and specifies that all Defendants are sued in both their individual and official
3 capacities. (*Compare* Doc. Nos. 1, 10). On November 25, 2024, Plaintiff then filed a Notice
4 Under Rule 41 and Rule 15(a). (Doc. No. 11). In it, Plaintiff states that he just received the
5 Court's November 15, 2024 Screening Order and wishes to "respect the Court's findings about
6 dropping the defendants and claims other than R. Shahbazian."[1] (*Id*. at 1). The Court liberally
7 construes Plaintiff as seeking to voluntarily dismiss the claims and defendants found not
8 cognizable in the Court's November 15, 2024 Screening Order and proceed on his Eighth
9 Amendment and state law claims against Defendant Shahbazian. However, Plaintiff also states
10 that he would like to include with his operative complaint the exhibits attached to his FAC and
11 clarify that his claims against Defendant Shahbazian are in his individual capacity. (*Id*. at 1).

12       Plaintiff may voluntarily dismiss any defendant or claim without a court order by filing a
13 notice of dismissal before the opposing party answers the complaint or moves for summary
14 judgment. Fed. R. Civ. P. 41 (a)(1)(A)(i). Here, no party has answered or moved for summary
15 judgment. (*See* docket). Further, the Ninth Circuit recognizes a party has an absolute right prior
16 to an answer or motion for summary judgment to dismiss fewer than all named defendants or
17 claims without a court order. *Pedrina v. Chun*, 987 F.2d 608, 609-10 (9th Cir. 1993).
18 Alternatively, the Court construes Plaintiff's notice to dismiss any other claims against Defendant
19 Dr. Shahbazian as a motion to amend the Complaint under Federal Rule of Civil Procedure 15(a).
20 *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 687 (9th Cir. 2005) (Rule 15(a)
21 "is appropriate mechanism" when party is eliminating an issue or one or more claims but not
22 completely dismissing a defendant). In accordance with Plaintiff's notice, Plaintiff's remaining
23 claims are dismissed without prejudice by operation of law.

24       Because the FAC appears to be identical to the initial Complaint, apart from the exhibits
25 attached and Plaintiff clarifies that his claims are brought against Shahbazian in his individual and
26 official capacities, the Court will deem the FAC the operative complaint and order it served on

---

[1] The Court infers that Plaintiff's First Amended Complaint was filed before receiving the Court's November 15, 2024 Screening Order.

Defendant Shahbazian.

Plaintiff's FAC will proceed only on his Eighth Amendment deliberate medical indifference claim and state law negligence and intentional infliction of emotional distress claims against Defendant Dr. Shahbazian in his individual capacity. (*See* Doc. No. 10). The Court will direct service of process on Defendant Dr. Shahbazian by separate order.

Accordingly, it is **ORDERED**:

1. Plaintiff's First Amended Complaint (Doc. No. 10) is deemed the operative complaint in this case.
2. Plaintiff shall be permitted to proceed on his Eighth Amendment deliberate medical indifference claim against Defendant Dr. Shahbazian and state law claims for negligence and intentional infliction of emotional distress. The Court will direct service of process on Defendant Shahbazian by separate order.
3. Plaintiff's remaining claims and Defendants Hixon, Williams, and Olsen are dismissed by operation of law pursuant to Plaintiff's Notice of Voluntary Dismissal (Doc. No. 11).
4. The Clerk of Court is directed to correct the docket to reflect the dismissal of Defendants Hixon, Williams and Olsen.

Dated:     December 3, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE