1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MILLARD WAYNE BAKER, JR.,              Case No.  1:24-CV-01279-HBK

12              Plaintiff,                   ORDER GRANTING IN PART AND
                                             DENYING IN PART PLAINTIFF'S MOTION
13         v.                                TO STRIKE DEFENDANT'S AFFIRMATIVE
                                             DEFENSES IN DEFENDANT'S ANSWER[1]
14    R. SHAHBAZIAN,
                                             (Doc. No.  31)
15              Defendant.

16

17         Pending before the Court is Plaintiff's Motion to Strike Affirmative Defenses In

18    Defendant's Answer filed on October 1, 2025.  (Doc. No. 31, "Motion").  Plaintiff files the

19    Motion pursuant to Rule 12(f) of the Federal Rules of Civil Procedure and seeks to strike all of

20    Defendant's affirmative defenses raised in his Answer to Plaintiff's First Amended Complaint.

21    (*See id.*).  On October 22, 2025, Defendant filed an Opposition to Plaintiff's Motion.  (Doc. No.

22    33, "Opposition").  Plaintiff filed a Reply to Defendant's Opposition on November 12, 2025.

23    (Doc. No. 34, "Reply").  For the reasons set forth below, the Court denies Plaintiff's Motion as to

24    Defendant's Affirmative Defense Nos. 1, 5, 6, but grants Plaintiff's Motion as to Defendant's

25    Affirmative Defense Nos. 2, 3, 4, and 7, with leave to amend his Answer to Plaintiff's First

26    Amended Complaint to cure any pleading deficiency identified by the Court.

27    _____

28    [1] Both parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c)(1).  (Doc.
      No. 25).

## I.    LEGAL STANDARD

Federal Rule of Civil Procedure 8(c) requires the responding party to "affirmatively state any avoidance or affirmative defense" and then provides a nonexhaustive list of affirmative defenses that may be pled in response to vitiate the plaintiff's claim.  Fed. R. Civ. P. 8(c)(1); *Jones v. Bock*, 549 U.S. 199, 212 (2007) (finding list "nonexhaustive").  An affirmative defense is an assertion of facts that if proven would defeat or reduce the stated claim.  Thus, allegations that merely claim the plaintiff cannot meet its burden of proof or merely reserves the right to identify future defenses is not a proper affirmative defense.  *See Zivkovic v. So. Cal. Edison Co*., 302 F.3d 1080, 1088 (9th Cir. 2002).

Under Federal Rule of Civil Procedure 12(f), courts "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 966-67 (9th Cir. 2014) (internal quotations omitted).  As a rule, an affirmative defense may be deemed insufficient either as a matter of law or as a matter of pleading.  *Gomez v. J. Jacobo Farm Labor Contr., Inc*., 188 F. Supp.3d 986, 991 (E.D. Cal. 2016).  A legally insufficient affirmative defense "lacks merit under any set of facts the defendant might allege."  *Id*.  The Ninth Circuit has long held that an affirmative defense is insufficient as a matter of pleading if it fails to give the plaintiff "fair notice of the defense."  *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979); *Gomez*, 188 F.Supp.3d at 991.  "'[T]he fair notice' required by the pleading standards only requires describing [an affirmative] defense in 'general terms.'"  *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015); *Gomez*, 188 F.Supp.3d at 991.  "Fair notice . . . requires that the defendant state the nature and grounds for the affirmative defense."  *Gomez*, 188 F.Supp.3d at 992; *United States v. Gibson Wine Co.*, 2016 WL 1626988 (E.D. Cal. Apr. 25, 2016).  Although the fair notice bar is "low" and does not require "great detail" it does require "some factual basis for its affirmative defenses."  *Gomez*, 188 F.Supp.3d at 992; *Gibson Wine*, 2016 WL 1626988 at *13.  Thus, bare references to doctrines or statutes are unacceptable because they "do not afford fair notice of the nature of the defense pleaded."  *Gomez*, 188 F.Supp.3d at 992; *Gibson Wine*, 2016 WL 1626988at *14.  If an affirmative defense is stricken, in the absence of prejudice, "leave to amend should be freely

1    given." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir.1979).

2                                    **II.      ANALYSIS**

3            The Court addresses each affirmative defense challenged in Plaintiff's Motion, and

4    addressed in Defendant's Opposition and Plaintiff's Reply, in seriatim.

5        **A.  Affirmative Defense No. 1: Qualified Immunity**

6            As his first affirmative defense, Defendant asserts that because he did not deprive Plaintiff

7    "of any rights, privileges, or immunities guaranteed by the laws of the United States or by the

8    laws of the State of California" and because Defendant acted with a "good-faith belief that his

9    actions comported with all applicable federal and state laws" he is entitled to qualified immunity.

10   (Doc. No. 30 at 6).  Plaintiff argues that this defense is a legal conclusion, devoid of facts, and

11   fails to allege "new matter."  (Doc. No. 31 at 1-2).  Plaintiff further argues since Defendant is

12   being sued in his official and individual capacity, he "does not qualify for any immunities."  (*Id.*

13   at 2).  In his Opposition Defendant contends that the affirmative defense provides fair notice and

14   is an appropriate affirmative defense.  (Doc. No. 33 at 4-5).  In his Reply, Plaintiff argues

15   Defendant violated Plaintiff's constitutional rights and he does not "qualify for immunities."

16   (Doc. No. 34 at 2:18-22).

17           It is well established that qualified immunity is an affirmative defense, and one that does

18   not require additional facts to be sufficiently plead.  *Crawford-El v. Britton*, 523 U.S. 574, 587

19   (1998); *L.F. v. City of Stockton*, 2018 WL 3817558, at *19 (E.D. Cal. Aug. 9, 2018) (stating that

20   "qualified immunity is sufficiently pleaded without additional factual bases.").  Plaintiff does not

21   dispute that he received fair notice of this affirmative defense, which is sufficient to survive a

22   motion to strike.  (*See* Docs. No. 31, 34).  Indeed, the assertion of this affirmative defense puts

23   Plaintiff on notice that Defendant intends to argue that his alleged wrongful conduct constituted

24   an exercise of discretion and was carried out in good faith.  Further, this Court finds that a motion

25   to strike "is not a good fit for resolving issues like [q]ualified [i]mmunity which often turn on

26   facts yet to be developed."  *Atkins v. Pickard*, 298 F. App'x 512, 513 (7th Cir. 2008).  Thus, the

27   Court denies Plaintiff's Motion to strike Defendant's Affirmative Defense No. 1.

28           ////

**B. Affirmative Defense No. 2: Contributory Damages**

As to his second affirmative defense, Defendant asserts that any injuries Plaintiff suffered were a result of his own negligence, or unlawful or deliberate actions, thus precluding Plaintiff from recovering from such injuries.  (Doc. No. 30 at 6).  Plaintiff argues that this defense is a legal conclusion and lacks factual support.  (Doc. No. 31 at 2).  In his Opposition Defendant states that this affirmative defense provided Plaintiff with fair notice.  (Doc. No. 33 at 5:9-12).  In Reply, Plaintiff claims Defendant misquoted him in his Opposition.  (Doc. No. 34 at 2:7-10).

Contributory negligence is an affirmative defense listed in Rule 8(c)(1).  However, "[a] bare assertion of negligence or contributory fault without 'any indication of the conduct supporting the defense' does not pass muster, even under the fair notice standard." *Devermont v. City of San Diego*, 2013 WL 2898342, at *16-17 (S.D. Cal. June 12, 2013) (unpublished) (*quoting Roe v. City of San Diego*, 289 F.R.D. 604, 611-12 (S.D. Cal. 2013)).  This is particularly true given that, in this Court's analysis, it is unclear how Plaintiff's conduct contributed to the harm he allegedly suffered when Defendant Shahbazian suddenly stopped Plaintiff's Effexor prescription.  Accordingly, the Court will grant Plaintiff's Motion and strike Defendant's Affirmative Defense No. 2  with leave to amend to provide some basis for Defendant's claim that Plaintiff's conduct contributed to his injuries and damages.

**C. Affirmative Defense No. 3: Failure to Mitigate**

As to his third affirmative defense, Defendant asserts that "if Plaintiff suffered any injuries or damages, Plaintiff failed to mitigate such injuries or damages, thereby precluding or limiting recovery for such injuries or damages." (Doc. No. 30 at 6).  Plaintiff argues that this defense attacks his prima facie case, is a legal conclusion, and lacks factual support.  (Doc. No. 31 at 2).  In his Opposition Defendant states that his affirmative defense provided Plaintiff with fair notice.  (Doc. No. 33 at 5:9-12).  In his Reply Plaintiff states that Defendant misquoted him in Defendant's Opposition.  (Doc. No. 34 at 2:7-10).

A failure to mitigate "generally arises when an injured party could have prevented the continuation or enhancement of the injury." *J&J Sports Prods., Inv. v. Delgado*, 2011 WL 219594, *2 (E.D. Cal. Jan. 19, 2011).  Admittedly a failure to mitigate is an affirmative defense,

but here the affirmative defense is conclusory and devoid of factual support. (*See* Doc. No. 30 at 6). The Court recognizes that affirmative defenses need very little, if any, facts to support them. *Wyshak v. City Nat'l* Bank, 607 F.2d 824, 827 (9th Cir. 1979). However, there are myriad ways in which a plaintiff can fail to mitigate damages. Presumably Defendant is in possession of facts that reasonably suggest a failure to mitigate. A brief description of that factual basis should be included so that this defense is not "fact barren." *Gomez*, 188 F.Supp.2d at 992. Because the affirmative defense does not give any inkling as to how Plaintiff failed to mitigate his damages, fair notice is not provided. *See DeSalvo v. Islands Rest., L.P.*, 2020 WL 4035071 *15 (C.D. Cal. July 16, 2020) (striking a failure to mitigate affirmative defense because no factual basis of any kind was pled); *Dodson v. CSK Auto, Inc.*, 2013 WL 3942002, *2 (E.D. Cal. Jul. 30, 2013); *Kohler v. Staples the Officer Superstore, LLC*, 291 F.R.D. 464, 469 (S.D. Cal. 2013); *Kaur v. City of Lodi*, 2016 WL 627308 *5 (E.D. Cal. Feb 17, 2016) (ruling that defendants properly asserted an affirmative defense for plaintiff's failure to mitigate damages because defendants explained in their affirmative defense that plaintiff failed to mitigate emotional damages because she did not seek counseling); *cf. Guirgois v. U.S. Bank, N.A.*, 2021 WL 779111*9 (W.D. Was. Mar. 1, 2021) (refusing to strike mitigation affirmative defense where the factual grounds for the defense, a failure to accept a modification agreement, was identified); *Gomez*, 188 F.Supp.3d at 1003 (striking without prejudice an inapplicable mitigation defense but requiring any amendment to explain the factual and legal basis for the mitigation defense). Because Affirmative Defense No. 3 is insufficiently plead, the Court will grant Plaintiff's Motion and strike it but grant Defendant leave to amend id Answer to provide some basis to support the defense.

**D. Affirmative Defense No. 4: Punitive Damages**

As his fourth affirmative defense, Defendant asserts that Plaintiff has failed to "show any evil motive on the part of Defendant, and therefore Defendant is not liable for compensatory, punitive, exemplary, or any other damages." (Doc. No. 30 at 6). Plaintiff argues that this defense attacks his prima facie case, lacks factual support, and is not "new matter." (Doc. No. 31 at 3). In his Opposition, Defendant contends that "Plaintiff has failed to show that this defense cannot succeed under any circumstance." (Doc. No. 33 at 6). Plaintiff does not address this defense in

his Reply.  (*See* Doc. No. 34).

"[D]enial of [liability for] punitive damages is not an affirmative defense but rather is an assertion that Plaintiff has not proved essential elements of [his] claim."  *Roe v. City of San Diego*, 289 F.R.D. 604, 610 (S.D. Cal. 2013); citing *Zivkovic*, 302 F.3d at 1088 ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."); *Weddle v. Bayer AG Corp.*, 2012 WL 1019824, at *5 (S.D. Cal. Mar. 26, 2012).  Because Defendant's Answer denies Plaintiff's factual allegations and disclaims any liability for Plaintiff's claims (*see generally* Doc. No. 30).  Accordingly, the Court will grant Plaintiff's Motion and strike without leave to amend Defendant's Affirmative Defense No. 4.

### E.  Affirmative Defense No. 5: Failure to Exhaust

As his fifth affirmative defense, Defendant asserts that "Plaintiff's claims are barred by the Prison Litigation Reform Act based on his failure to exhaust his administrative remedies within the prison system."  (Doc. No. 30 at 6).  Plaintiff argues that this defense is a legal conclusion that prejudices Plaintiff's case and is devoid of factual support.  (Doc. No. 31 at 3).  In his Opposition Defendant argues Plaintiff has failed to allege how this defense prejudices him.  (Doc. No. 33 at 6:13-14).  Plaintiff does not address this defense in his Reply.  (*See* Doc. No. 34).

Failure to exhaust administrative remedies is a proper affirmative defense.  *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).  While Defendant has the burden of demonstrating failure to exhaust administrative remedies, that burden is not a basis to strike the affirmative defense.  The undersigned does not reasonably construe Plaintiff's argument as meaning that he does not have fair notice of the failure to exhaust defense.  Consequently, Plaintiff's Motion to strike Defendant's Affirmative Defense No. 5 is denied.

### F.  Affirmative Defense No. 6: Eleventh Amendment Immunity

As his sixth affirmative defense, Defendant asserts that "[t]o the extent Plaintiff asserts any official-capacity claims, Defendant is immune from suit for damages in his official capacity pursuant to the Eleventh Amendment of the United States Constitution."  (Doc. No. 30 at 7:13-14).  Plaintiff argues that Defendant's defense should be stricken because Defendant is being sued in his individual and official capacity, and therefore "Defendant does not qualify for immunity of

6

1    any kind." (Doc. No. 31 at 3). In his Opposition Defendant argues that determining if Eleventh

2    Amendment Immunity applies is a question of fact, making it an appropriate affirmative defense.

3    (Doc. No. 33 at 7:14-17). Plaintiff does not address this defense in his Reply. (*See* Doc. No. 34).

4         "The Eleventh Amendment bars suits against the State or its agencies for all types of

5    relief, absent unequivocal consent by the state." *Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir.

6    1999). Ordinarily, this protection "extends to state instrumentalities and agencies," as well as

7    "state officials" sued in their "official capacity." *Krainski v. Nevada ex rel. Bd. of Regents of*

8    *Nev. Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010). Because the question of whether

9    Eleventh Amendment Immunity applies here is a question of fact, it is an appropriate affirmative

10   defense. *SEC v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995). For this reason, the Court

11   denies Plaintiff's motion to strike Defendant's Affirmative Defense No. 6.

12   **G. Affirmative Defense No. 7: Res Judicata and Collateral Estoppel**

13        As his seventh affirmative defense, Defendant asserts that "[t]o the extent Plaintiff has

14   previously litigated the issues and claims raised in his lawsuit, the claims and issues are barred by

15   the doctrines of res judicata and collateral estoppel." (Doc. No. 30 at 7:6-7). Plaintiff argues this

16   defense fails to state a claim, is devoid of factual support, and is a legal conclusion. (Doc. No. 31

17   at 4). Further Plaintiff asserts Defendant is lying under oath in asserting this affirmative defense

18   and that such defense prejudices Plaintiff. (*Id.* at 6-7). In opposition Defendant states that his

19   affirmative defense puts Plaintiff on fair notice and meets the Rule 8 pleading requirements.

20   (Doc. No. 33 at 7-8). In his Reply Plaintiff argues that Defendant failed to provide support for

21   this defense, and that Plaintiff has never previously litigated this claim. (Doc. No. 34 at 2-3).

22        While the fair notice bar is "low" and does not require "great detail" it does require "some

23   factual basis for its affirmative defense." *Gomez*, 188 F.Supp.3d at 992; *see also G & G Closed*

24   *Circuit Events, LLC v. Nguyen*, 2010 WL 3749284, at *2 (N.D. Cal. Sept. 23, 2010) (striking

25   affirmative defenses—such as unclean hands, res judicata, collateral estoppel, and superseding

26   events—for failure to provide "basic information" necessary for fair notice to plaintiff). Because

27   Defendant fails to provide the basic information establishing the grounds for the affirmative

28   defense of collateral estoppel or res judicata, he does not provide fair notice to Plaintiff.

1    Accordingly, the Court will grant Plaintiff's Motion and strike Defendant's Affirmative Defense

2    No. 7 with leave for Defendant to amend his Answer to provide some basis for this defense.

3                                           **CONCLUSION**

4           Generally, where a court strikes an affirmative defense, leave to amend should be given to

5    attempt to cure the deficiency so long as there is no prejudice.  *Wyshak*, 607 F.2d at 826; *Gomez*,

6    188 F.Supp.3d at 993.  While Plaintiff argues Defendant should not be given leave to amend since

7    Defendant has sufficient time to file his Answer, Plaintiff does not state how giving Defendant

8    leave to amend would prejudice him.  The Court independently cannot find prejudice given the

9    procedural posture of this case and will therefore afford Defendant an opportunity to file an

10   amended answer to attempt to cure the pleading insufficiencies discussed above if appropriate.

11          Accordingly, it is **ORDERED**:

12   1.  Plaintiff's Motion to Strike Affirmative Defenses  (Doc. No. 31) is GRANTED in part and

13          DENIED in part.

14          a.  The Court GRANTS the Motion and strikes Defendant's Affirmative Defense No.

15              2 (contributory damages), No. 3 (failure to mitigate), No. 4 (punitive damages),

16              and No. 7 (res judicata and collateral estoppel);

17          b.  The Court DENIES the Motion as Defendant's Affirmative Defense No. 1

18              (qualified immunity), No. 5 (failure to exhaust), and No. 6 (eleventh amendment

19              immunity).

20   2.  Defendant's Affirmative Defense Nos. 2, 3, and 7 are STRICKEN without prejudice.

21   3.  Within **twenty-one (21) days of service of this Order**, Defendant may file an amended

22          answer to cure the deficiencies cited herein, if appropriate.

23

24   Dated:    November 18, 2025

25                                                   HELENA M. BARCH-KUCHTA
                                                     UNITED STATES MAGISTRATE JUDGE
26

27

28

                                                      8