UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILLARD WAYNE BAKER, JR., | Case No. 1:24-cv-01279-HBK |
| Plaintiff, | |
| v. | ORDER DENYING AS MOOT PLAINTIFF'S MOTION TO COMPEL |
| R. SHAHBAZIAN, | (Doc. 40) |
| Defendant. | |

Pending before the Court is Plaintiff's Motion to Compel Discovery filed on December 16, 2025. (Doc. 40). Defendant filed an Opposition on December 31, 2025. (Doc. 41). Plaintiff did not file a reply, and the time to do so has passed. *See* Local Rule 230(l) (affording 14 days to file reply from date of filing of opposition in CMECF).

Plaintiff seeks to compel responses to his discovery propounded on Defendant, claiming Defendant did not respond to his discovery requests within the required 45-day deadline. (Doc. 40). Defendant points out Plaintiff did not meet and confer prior to filing his motion. (Doc. 41 at 1-2). Nonetheless, Defendant responds that his responses to Plaintiff's requests for admission, interrogatories, and requests for production were placed in the mail on November 21, 2025, but acknowledges that the box containing his responses were returned on December 10, 2025 due to the shipping label detaching. (*Id*. at 2). Upon their return, Defendant immediately reserved the responses. (*Id.*). Defendant submits the Declaration of Attorney Victoria Y. Zhang with proof of

service for both mailing dates.  (*Id.*, Exhs. A & B).  Plaintiff does not dispute Defendant's assertion that the responses, albeit late, were eventually re-mailed to him.

The Court acknowledges that Plaintiff motion does not contain a certification that he attempted to meet and confer prior to filing his motion.[1]  Courts maintain the discretion to deny motions without prejudice when parties fail to comply with the court's local rules and adhere to its meet and confer mandates in court orders.  *See Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012); *Mike's Novelties, Inc. v. PIV Enters., Inc.*, 2024 WL 1855719, at *2 (E.D. Cal. Apr. 26, 2024), *report and recommendation adopted*, No. 1:23-CV-1309 JLT SAB, 2024 WL 2153615 (E.D. Cal. May 14, 2024); *Pac. Receivables, LLC v. T-3 Green House Supply, LLC*, No. 2:23-cv-01081-KJM-DMC, 2023 WL 4534146, at *1 (E.D. Cal. July 13, 2023).

Here, had Plaintiff met and conferred with defense counsel he would have learned that the responses had been served, alerted defense counsel that they had not yet been delivered for investigation, and could have avoided unnecessary motion practice on this already overburdened Court.  Even so, because it appears that Plaintiff is now in receipt of Defendant's responses to his propounded discovery, no remaining controversy exists for the Court to resolve.  Therefore, the Court will deny the motion as moot.

Accordingly, it is now ORDERED:

Plaintiff's Motion to Compel (Doc. 40) is DENIED AS MOOT.

Dated:    January 27, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court's discovery and scheduling order provides:  "The parties are… required to meet and confer, via correspondence or telephonically, to resolve any discovery dispute prior to filing any discovery motion." (Doc. 29 at 2.).  "The moving party must include certification that they have complied with their duty to meet and confer."  (*Id.*). "The failure to include a certification or show good cause for failure to meet and confer will result in the motion being stricken."  (*Id.*). "The fact that Plaintiff is incarcerated does not constitute good cause to excuse either parties' duty to fulfill the meet and confer requirement."  (*Id.*).

2