UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILLARD WAYNE BAKER, JR., | Case No.  1:24-cv-01279-HBK |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO STAY DEADLINES |
| v. | (Doc. 37) |
| R. SHAHBAZIAN, | ORDER DIRECTING DEFENDANT TO FILE NOTICE CONFIRMING SERVICE OF MOTION ON PLAINTIFF |
| Defendant. | |
| | FEBRUARY 4,  2026 DEADLINE |

Pending before the Court is Defendant's Motion to Stay Discovery and Dispositive Motion Deadlines filed November 21, 2025.  (Doc. 37).  Defendant moves to stay the merits based discovery and dispositive motion deadlines pending the Court's ruling on Defendant's exhaustion-based Motion for Summary Judgment ("MSJ") filed on November 18, 2025. Defendant submits the MSJ is potentially dispositive of the entire case and requires no further discovery; thus, a stay prevents the unnecessary expenditure of resources.  (*Id*. at 1).  On December 16, 2025,[1] Plaintiff filed an Opposition.  (Doc. 39). Therein, Plaintiff states he did not receive Defendant's MSJ but argues any such motion would be frivolous since Plaintiff did

---

[1] Although docketed on December 16, 2025, the Opposition was signed by Plaintiff on December 2, 2025. (Doc. 39 at 2).

exhaust his administrative remedies.  (*Id*.).  Defendant did not file a reply and the time to do so has expired.  *See* Local Rule 230(l) (affording a party 14 days from the date of filing of an opposition in CMECF) to file a reply.

A federal court enjoys "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  This court has found good cause to stay a case pending resolution of a motion for summary judgment.  *See Smith v. Martinez*, No. 1:17-cv-01092-AWI-MJS (PC), 2018 WL 1413712, at *1 (E.D. Cal. Mar. 21, 2018); *Henry v. Contreras*, No. 1:14-CV-00791-LJO-SKO-PC, 2016 WL 232317, at *2 (E.D. Cal. Jan. 20, 2016).  Indeed, the Ninth Circuit has held that staying discovery pending the resolution of an exhaustion motion is proper.  *See Albino v. Baca*, 747 F.3d 1162, 1170–71 (9th Cir. 2014) (establishing propriety of delaying discovery pending resolution of exhaustion motion).

Here, Plaintiff already propounded discovery, received Defendant's responses to the discovery, and does assert he requires further discovery to respond to Defendant's MSJ.  *See* Fed. R. Civ. P. 56(d).  Indeed, Plaintiff refers the Court to a copy of his "Emergency 602" that he attached to his complaint. (Doc. 39 at 1).  The Court finds a stay will save resources and it perceives of no prejudice to Plaintiff given the limited nature of the stay.  *See Mlejnecky v. Olympus Imaging Am., Inc.*, No. 2:10-cv-02630 JAM KJN, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011) (finding stay of further discovery warranted if discovery is not necessary for potentially dispositive motion).  Thus, the Court will grant Defendant's motion and stay the remaining deadlines in the Discovery and Scheduling Order pending disposition of Defendant's exhaustion-based Motion for Summary Judgment.

The Court further notes that Plaintiff has not responded to the MSJ, and the time to do so has expired.  (*See* Doc. 29 at 3-4, stating "deadline to file oppositions to dispositive motions, including motions for summary judgment, is thirty (30) days from the date the motion is filed.").  However, in his opposition, Plaintiff states that as of "12/1/2025" he had not received Defendant's MSJ.  (Doc. 39 at 2:9).  According to the Certificate of Service, Defendant mailed the MSJ by First-Class Mail, postage prepaid on November 18, 2025.  (Doc. 35-5).  Notably, in

its opposition to Plaintiff's motion to compel filed on December 31, 2025, Defendant confirmed having a telephone call with Plaintiff on December 22, 2025 during which Plaintiff acknowledged receipt of Defendant's responses to Plaintiff's discovery materials. (*See* Doc. 41 at 2). Defendant does not confirm Plaintiff acknowledging receipt of Defendant's MSJ. Before ruling on the MSJ, the Court will direct Defendant to verify service of the MSJ on Plaintiff.

Accordingly, it is now ORDERED:

1. Defendant's Motion to Stay Discovery and Deadlines (Doc. 37) is GRANTED.

2. The Court STAYS the merits-based discovery and dispositive motion deadlines in the Discovery and Scheduling Order (Doc. 29) pending resolution of the exhaustion-based Motion for Summary Judgment.

3. **No later than February 4, 2026**, Defendant shall file a "Notice of Confirmation of Service" identifying the date of service of Defendant's Motion for Summary on Plaintiff. To the extent available, Defendant shall attach a copy of Plaintiff's prison mail log reflecting the date Plaintiff received the Motion.

Dated:    January 27, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE