UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILLARD WAYNE BAKER, JR.,<br>Plaintiff,<br>v.<br>R. SHAHBAZIAN,<br>Defendant. | Case No. 1:24-cv-01279-HBK (PC)<br>ORDER GRANTING DEFENDANT'S MOTION TO DEFER DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br>(Docs. 51, 52) |

On April 21, 2026, Plaintiff, proceeding pro se, filed a motion of summary judgment on the merits of his claim pursuant to Federl Rule of Civil Procedure 56. (Doc. 51).[1] Defendant opposes the motion and moves under Rule 56(d), arguing that the merits-based motion for summary judgment is premature because Defendant's pending motion for summary judgment on the issue of exhaustion under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), has not been resolved and merits discovery remains stayed. (Doc. 52). Defendant's motion is supported by a declaration of counsel. (*Id.*). Plaintiff filed an opposition, and Defendant filed a reply. (Docs. 53, 54).

////

[1] Plaintiff labels the motion as a "cross-motion."

Under Rule 56(d), if the nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the Court may "defer considering the motion or deny it," "allow time to obtain affidavits or declarations or to take discovery," or "issue any other appropriate order." Fed. R. Civ. P. 56(d)(1)-(3). Rule 56(d) relief is broadly favored where the nonmoving party has not had an adequate opportunity to conduct discovery essential to responding to a summary-judgment motion. *Burlington Northern Santa Fe R. Co. v. Assiniboine and Sioux Tribes of Fort Peck Reservation,* 323 F.3d 767, 763–764 (9th Cir.2003).

The Court previously entered an order staying merits-based discovery pending resolution of Defendant's summary-judgment motion addressed to PLRA exhaustion. (Doc. 43). Pursuant to that order, Defendant has not had a fair opportunity to obtain merits discovery needed to respond to Plaintiff's summary-judgment motion on the merits.

Defendant has submitted a Rule 56(d) declaration noting that he has not taken Plaintiff's deposition nor propounded merits discovery, and that he is unable to oppose Plaintiff's motion because such discovery cannot reasonably be obtained while the merits-discovery stay remains in place. On this record, the Court finds that Defendant has made the showing required by Rule 56(d) and that adjudicating Plaintiff's merits-based summary-judgment motion before resolving the pending exhaustion-based motion and lifting the merits discovery stay would be inefficient and potentially prejudicial.

Accordingly, IT IS ORDERED:

1. The Court GRANTS Defendant's motion for relief under Federal Rule of Civil Procedure 56(d) (Doc. 52).
2. The Court DEFERS RULING on Plaintiff's motion for summary judgment (Doc. 51) and HOLDS that motion IN ABEYANCE pending resolution of Defendant's exhaustion-based motion for summary judgment and the lifting of the merits-discovery stay. Plaintiff may renew or supplement his motion, if appropriate, following completion of merits discovery and in accordance with any subsequent scheduling order.

3. If Defendant's exhaustion-based motion for summary judgment is denied, the Court will lift the stay on merits discovery, enter an appropriate amended scheduling order, and set a deadline for any renewed or supplemental merits-based motions for summary judgment by either party.

Dated: August 3, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE