UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILLARD WAYNE BAKER, JR., Plaintiff, v. R. SHAHBAZIAN, Defendant. | Case No. 1:24-cv-01279-HBK (PC)<br>ORDER DIRECTING DEFENDANT TO RESPOND AND SUBMIT PLAINTIFF'S MAIL LOG<br>TWENTY-ONE DAY DEADLINE |

Pending is Defendant's exhaustion-based motion for summary judgment filed November 18, 2025. (Doc. 35). Plaintiff opposed the motion and Defendant replied. (Docs. 44, 46, 47, 49). On March 18, 2026, Plaintiff filed supplemental information asserting "new evidence" in support of his opposition. (Doc. 50). Defendant has not responded to Plaintiff's supplemental information.

Plaintiff's supplemental information comprises two documents, labeled Exhibit A and Exhibit B. Exhibit A is an "Inmate Request for Interview" form dated February 4, 2024, in which Plaintiff references a 602, he wrote "last year around Nov." related to his lack of medication and claims he never received the 602 back because he was transferred. (Doc. 50 at 3). Exhibit B appears to be the 602 grievance related to this action (Tracking No. 23002014) that includes Section C completed and dated February 18, 2024. (*Id.* at 4). Plaintiff states that, after transfer to Wasco State Prison, he mailed Exhibit B to the Health Care Correspondence Appeal Branch at

P.O. Box 588500, Elk Grove, CA 95758, on or about February 18, 2024. (*Id*. at 2:12-14).

Accordingly, IT IS ORDERED:

1. Within twenty-one (21) days of service of this Order, Defendant shall advise the Court in writing whether Plaintiff's outgoing mail log (including any legal or special mail log maintained for Plaintiff) reflects that, during the three-day period from February 18, 2024 through February 21, 2024, Plaintiff mailed an appeal to the California Department of Corrections Office of Appeals/Appeals Branch regarding the matters at issue in this action.
2. If Plaintiff's outgoing mail log reflects that he mailed such an appeal during that three-day period, Defendant shall attach to his written response a true and correct copy of the portion(s) of Plaintiff's outgoing mail log showing that mailing, including any entry indicating the date of mailing, destination address (e.g., "Office of Appeals, Department of Corrections and Rehabilitation,) and any other identifying information recorded for that item of mail.
3. If Plaintiff's outgoing mail log does not reflect that he mailed such an appeal during this three-day period, Defendant shall so state in its written response and shall attach a true and correct copy of the portion(s) of Plaintiff's outgoing mail log for the same three-day period that would ordinarily reflect any outgoing mail to the CDCR Office of Appeals/Appeals Branch, so the record is clear as to any such mailings or the absence thereof.
4. Defendant's response shall be submitted under declaration of a custodian of records or other authorized CDCR official familiar with the manner in which outgoing inmate mail logs, including legal mail logs, are maintained and kept in the ordinary course of CDCR business.
5. Defendant shall also review Plaintiff's supplemental information and exhibits filed on March 18, 2026, in which Plaintiff contends that those exhibits demonstrate he mailed an appeal to the CDCR Office of Appeals/Appeals Branch after his transfer. Defendant's written response shall: (a) state whether, based on CDCR's records and

mail logs, CDCR agrees or disputes Plaintiff's contention that he mailed an appeal after his transfer; and (b) specifically address each exhibit cited by Plaintiff as evidence of mailing (including any envelopes, mailroom receipts, log excerpts, or correspondence), explaining whether those documents are consistent or inconsistent with CDCR's mail log entries and other institutional records concerning outgoing mail from Plaintiff during the relevant three-day period.

6. To the extent Defendant relies on any additional records (beyond the outgoing mail log) to respond to Plaintiff's supplemental information and exhibits—such as institutional mailroom records, tracking logs for legal mail, or Office of Appeals intake records—Defendant shall identify those records in his response and, where feasible, attach true and correct copies of the portions relied upon.

7. The declaration submitted by CDCR's custodian of records or other authorized official shall confirm that the declarant has reviewed Plaintiff's supplemental information and exhibits and shall summarize CDCR's conclusions as to whether those materials corroborate, contradict, or do not reflect a mailing of an appeal by Plaintiff after his transfer.

Dated: August 3, 2026

Helena M. Barch-Kuchta

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE